S. LANE TUCKER
United States Attorney

ALLISON M. O'LEARY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KALEB LEE BASEY,<br><br>    Plaintiff,<br><br>  vs.<br><br>DEPT OF THE ARMY, Criminal Investigation Division Command, 5th Squadron 1st Cavalry Regiment; DEPARTMENT OF JUSTICE, Federal Bureau of Investigation,<br><br>    Defendants. | No. 4:16-cv-00038-TMB<br><br>DEPARTMENT OF JUSTICE'S OPPOSITION TO MOTION TO REOPEN CASE |

Defendant the Department of Justice, Federal Bureau of Investigation (FBI), opposes Plaintiff Kaley Basey's motion to reopen for production of "records associated with FBI case number 305I-AN-5401337." Dkt. 45 at 1 (quoting Dkt. 1 ¶ 18). The Plaintiff's motion, filed more than four years after

this case was dismissed, seeks reprocessing of withheld FBI records based on post-dismissal occurrences, namely the end of related criminal litigation. Dkt. 45 at 1-2. Rather than create an endless cycle of judicially mandated reprocessing, the Court should deny the Plaintiff's motion with the knowledge that the Plaintiff can submit a new FOIA request which the FBI can process without the Court's supervision based on the facts as they exist now.

I. Procedural History

On December 16, 2015, the Plaintiff was indicted in this district on three counts of Attempted Enticement of a Minor in violation of 18 U.S.C.§ 2422(b) and one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). *United States v. Basey*, No. 4:14-cv-00028, Dkt. 2 (D. Alaska December 16, 2014). On March 17, 2016, a superseding indictment added charges for Transportation of Child Pornography in violation of 18 U.S. C. § 2252(a)(1), and Sexual Exploitation of a Child – Distribution of Child Pornography – in violation of 18 U.S.C. § 2252(a)(2). *Id.* at Dkt. 101. The charges were based on an investigation by the Army's Criminal Investigative Division, the FBI, and the Alaska State Troopers. *Id.* at pp. 3, 5. The Plaintiff was tried by jury on December 11 and 12, 2016, and convicted of the charges added in the superseding indictment. *Id.* at Dkt. 257 (Judgment).

Before trial in the criminal case, the Plaintiff made FOIA requests to

the Army and FBI in an apparent effort to develop a claim that various law enforcement agencies involved in his arrest violated his Fourth Amendment rights and the Posse Comitatus Act. Dkt. 1 ¶ 4 (Complaint). On December 2, 2016, about a week before the Plaintiff's criminal trial began, the Plaintiff initiated this civil case seeking records from the Army and the FBI that had not yet been disclosed. Dkt. 1. Both the Army and FBI moved for summary judgment on December 5, 2017. Dkt. 26, 27. The Army asserted that it had produced all responsive materials, and the FBI asserted that it had produced all responsive materials that were not exempt from disclosure. *Id.* Among the exempt materials were records from the criminal investigative file pertaining to the Plaintiff's ongoing criminal case. Dkt. 27 at 6; *see* 5U.S.C. § 552(b)(7)(A). The Court granted both motions for summary judgment in an omnibus order on May 14, 2018, Dkt. 39, and issued a Judgment dismissing the case on the merits on June 12, 2018, Dkt. 40.

After this case was dismissed in 2018, the Ninth Circuit dismissed numerous appeals that the Plaintiff filed in his criminal case:

1. The Ninth Circuit denied his direct appeal on August 14, 2019. *United States v. Basey*, 784 F.ed.Appx. 497 (9th Cir. 2019).

2. It affirmed denial of his request to return property on February 24, 2021. *United States v. Basey*, 837 Fed.Appx. 603 (9th Cir. 2021).

3. It affirmed denial of his motion pursuant to 28 U.S.C. § 2255 on

Basey v. Dept of Army et al.
4:16-cv-00038-TMB
3
Case 4:16-cv-00038-TMB   Document 46   Filed 10/31/22   Page 3 of 8

January 18, 2022. *United States v. Basey*, 2022 WL 636115 (9th Cir. Jan. 18, 2022).

4. It denied his first petition for mandamus on July 12, 2022. *In re Basey v. USDC-AK*, 2022 WL 6685216 (9th Cir. July 12, 2022), *cert denied* September 16, 2022.

5. It affirmed this court's grant of a subsequent motion for return of property on July 21, 2022. *United States v. Basey*, 2022 WL 2872264 (9th Cir. July 21, 2022).

The Plaintiff now seeks disclosure of the FBI investigative files that were withheld under FOIA exemption 7A based on the then-ongoing criminal case. Dkt. 45 at 1.

## II. Analysis

The Plaintiff has not demonstrated that the Court should reopen this case under Federal Rule of Civil Procedure 60(b)(5) or (6) because post-denial changes, such as he asserts, are appropriately addressed in a new FOIA request. "Motions brought under [Rule] 60(b) require the court to balance the interest in finality of judgments (ones which should not lightly be disturbed), and the desire to achieve justice." *Leavitt*, 408 F.Supp.2d at 1080 (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). The Court's power to "vacate or otherwise modify the prospective effect of its decrees" is codified in Rule 60(b). *Safe Flight Instrument Corp. v. United Control Corp.*, 576 F.2d

1340, 1343 (9th Cir. 1978) At issue here are subsections (5) and (6), which provide that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed for vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To have "prospective application" under Rule 60(b)(5), an order "must be 'executory' or involve the 'supervision of changing conduct or conditions.'" *Lion Raisins, Inc. v. U.S. Dept. of Agriculture*, 2008 WL 3834271 at *5 (E.D.C.A. Aug. 14, 2008) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.D.C. 1988)). Mere "continuing consequences" of an order do not equate to "prospective application[.]" *Id.* Here, there is nothing "prospective" about the Court's dismissal under this definition – the case has been dismissed, and the Court is not monitoring any further conduct or conditions. Relief under Rule 60(b)(5) is thus not warranted.

"Relief under exception (6) . . . requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)

Basey v. Dept of Army et al.
4:16-cv-00038-TMB

5

(quoting *McConnell v. MEBA Medical & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985)). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Carter v. United States Department of Justice*, No. C 18-02455, 2018 WL 6267854 at *2 (N.D.C.A. Oct. 17, 2018) (internal quotation marks omitted). It "is to be used sparingly as an equitable remedy to prevent manifest injustice[.]" *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). It should not be used to address post-response occurrences because "[t]o require an agency to adjust or modify its FOIA responses based on post-response occurrences could create an endless cycle of judicially mandated reprocessing." *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991). "The fact that Plaintiff [Basey] has the ability to file a new FOIA request based on the current conditions before the [FBI] demonstrates lack of extraordinary circumstances." *Lion Raisins, Inc.*, 2008 WL 3834271 at *6. Relief under Rule 60(b)(6) is thus inappropriate.

### III. Conclusion

The Court should deny the Plaintiff's motion to reopen the case under Rule 60(b)(5) and (6) because those provisions do not apply to the circumstances here: an unremarkable end to other litigation properly addressed by a new FOIA request.

Basey v. Dept of Army et al.
4:16-cv-00038-TMB

RESPECTFULLY SUBMITTED October 31, 2022, in Anchorage, Alaska.

                                                              S. LANE TUCKER
United States Attorney

s/ Allison M. O'Leary
ALLISON M. O'LEARY
Assistant U.S. Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, a true and correct copy of the foregoing was mailed to:

Kaleb Lee Basey
17753-006 Cardinal Unit
Federal Medical Center Lexington
P.O. Box 14500
Lexington, KY 40512-4500

s/ Allison M. O'Leary
Office of the U.S. Attorney

Basey v. Dept of Army et al.
4:16-cv-00038-TMB